UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY WALLACE,

Plaintiff,

CASE NO.: 2:15-cv-445-FtM-29MRM

vs.

NWNG LLC d/b/a NAPLES GRANDE RESORT & SPA, a foreign limited liability company,

Defendant.
_______________________________________/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Gregory Wallace ("Wallace" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, NWNG LLC d/b/a Naples Grande Resort & Spa ("Naples Grande" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff worked as an employee of Defendant from December 2012 through April 6, 2015, and brings this action for unlawful interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA").

**JURISDICTION, PARTIES, VENUE, ETC.**

2. This Court has jurisdiction over this claim arising out of the FMLA pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida, Fort Myers Division.

4. Defendant is a foreign limited liability company transacting business in Collier County, Florida. Defendant has in excess of 50 employees within 75 miles of where Plaintiff worked.

5. Plaintiff was and is a resident of Collier County, Florida. At all times pertinent, Plaintiff worked for Defendant in Collier County, Florida.

6. Defendant is a covered entity within the meaning of 29 U.S.C. § 2611 (4).

7. Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611 (2).

8. Plaintiff has retained counsel and is obligated to pay a reasonable fee for services rendered.

## FACTS COMMON TO ALL COUNTS

9. At all times material, Defendant employed Plaintiff in Collier County, Florida as an Executive Chef.

10. In or around May 2015, Plaintiff informed Defendant that he required leave under the FMLA due to a serious health condition.

11. On or about May 22, 2015, Defendant sent Plaintiff a Certification of Health Care Provider for Employee's Serious Health Condition, U.S. Department of Labor, Form WH-380-E ("the Certification").

12. With respect to the timing of required completion of the Certification, 29 C.F.R. § 825.305(b) provides as follows:

> The employee must provide the requested certification to the employer within 15 calendar days after the employer's request, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts or the employer provides more than 15 calendar days to return the requested certification.

13. Defendant required the Certification to be completed and returned by June 5, 2015.

14. On June 4, 2015, Plaintiff's wife e-mailed Defendant in part stating as follows:

> I want to follow up on my phone call with Tyna yesterday. As I mentioned, I have not been able to get the Physician to sign the FMLA paperwork. Greg has an appointment with his PCP on Wednesday the 10th, and will get it completed then.

15. In response, Defendant agreed to briefly extend Plaintiff's deadline to return the Certification to June 10, 2015.

16. On June 10, 2015, Plaintiff's wife e-mailed Defendant in part stating as follows:

> As per my voice message, I'm sorry to say that Greg's Primary Care Physician didn't fill in the FMLA paperwork and referred him back to the David Lawrence center, where Greg has an appointment tomorrow. This has been nothing but a runaround for us, getting a diagnosis and to finally being able to get the right treatment set up. His appointment is at 3.15pm tomorrow and I will be in touch after regardless.

17. Despite the e-mail and communications from Plaintiff's wife, Defendant terminated Plaintiff's employment on June 10, 2015, arbitrarily concluding, Defendant was "unable to provide any further extensions." Despite the e-mails and communications from

Plaintiff's wife, Defendant made no further inquiry into Plaintiff's particular circumstances or efforts to return the Certification.

18. In terminating Plaintiff's employment, Defendant failed to consider whether it was practicable under Plaintiff's particular circumstances to return the Certification within the time provided or whether Plaintiff made good faith, diligent efforts to return the Certification within the time-frame provided.

19. As shown in the e-mails and communications from Plaintiff's wife, it was not practicable under Plaintiff's particular circumstances for Plaintiff to return the Certification by June 20, 2015, despite Plaintiff's diligent, good faith efforts.

20. Specifically, on or about May 24, 2015, Plaintiff sought treatment at a healthcare facility (the David Lawrence Center), but was unable to see a doctor.

21. On or about May 26, 2015, Plaintiff was admitted to the psychiatric unit of a hospital and diagnosed with a bipolar disorder.

22. On or about May 28, 2015, Plaintiff was released from the hospital. At this time, Plaintiff requested the completion of the Certification, but the hospital refused to complete FMLA paperwork.

23. On or about May 29, 2015, Plaintiff again returned to the David Lawrence Center with the Certification, but was informed that he would have to return June 1, 2015 to see someone about it.

24. On or about June 1, 2015, Plaintiff again returned to the David Lawrence Center with the Certification, but again no one was available to speak with him about it.

25. On or about June 2, 2015, Plaintiff again returned to the David Lawrence Center. When Plaintiff again asked about completing the Certification, Plaintiff was informed that the hospital should complete it. The hospital previously refused to complete the Certification. Regardless, Plaintiff promptly contacted the hospital about completing his FMLA paperwork, and was advised that his primary care physician should complete it.

26. On or about June 2, 2015, Plaintiff called his primary care physician for an urgent appointment to complete his FMLA paperwork. The earliest appointment available was June 10, 2015, which Plaintiff accepted.

27. At the June 10, 2015 doctor's appointment, Plaintiff's physician agreed that Plaintiff qualified for FMLA leave, but Plaintiff's physician stated that the David Lawrence Center – not him – was the proper party to complete the Certification.

**COUNT I**
**(Interference)**

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

29. Plaintiff engaged in statutorily protected activity when he attempted to take FMLA leave.

30. Plaintiff was entitled to take FMLA leave.

31. Defendant was obligated to allow Plaintiff proper time to return the Certification, but Defendant did not.

32. Defendant denied and interfered with Plaintiff's rights under the FMLA by not permitting Plaintiff proper time to have the Certification completed, by terminating

Plaintiff's employment, and by not permitting Plaintiff an opportunity to return to work at his same or a similar position.

33. Plaintiff has suffered financial damages as a result of the interference.

34. Defendant's violation was willful.

## COUNT II
## (Retaliation)

35. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

36. Plaintiff engaged in statutorily protected activity when he attempted to take FMLA leave.

37. Plaintiff was retaliated against when he was denied FMLA leave, denied the opportunity for restoration, and his employment was terminated as a result of and in retaliation for his desire to take FMLA leave.

38. Plaintiff's termination was causally related to his engagement in a statutorily protected activity.

39. Plaintiff has suffered financial damages as a result of the retaliation.

40. Defendant's violation was willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff prays that the Court enter judgment in his favor and against Defendant, and award monetary damages for back pay, front pay, lost past and future employment benefits, liquidated damages, reinstatement of employment and benefits, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

s/Bradley P. Rothman
Bradley P. Rothman
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*